Alfred G. Andrews v. Commissioner.
Alfred G. Andrews v. Commissioner
Docket No. 39700.
United States Tax Court
1953 Tax Ct. Memo LEXIS 250; 12 T.C.M. (CCH) 518; T.C.M. (RIA) 53169; May 15, 1953
*250 R. M. Winokur, Esq., for the petitioner. Nathan M. Silverstein, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $409 in the income tax of the petitioner for 1950. The only issue is whether the petitioner is entitled to credits for his four sons as dependents. Findings of Fact The petitioner filed his individual return for 1950 with the collector of internal revenue for the District of Massachusetts. The petitioner and his wife Annie were divorced in 1947 and the petitioner was ordered to make payments for the support of Annie and their four minor children who were in the custody of their mother. Annie remarried on June 12, 1950. The petitioner paid $25 per week during 1950 pursuant to the order of the Court. He claimed credit on his return for the four children as dependents and the Commissioner, in determining the deficiency, disallowed all of those credits. The petitioner furnished over half of the support of his four minor sons during 1950, none of whose gross income for that year was as much $600as. Opinion MURDOCK, Judge: The Commissioner's main argument is that the petitioner's *251 proof is inadequate to show that he supplied more than half of the support of the children. It certainly is not overwhelming but, nevertheless, it is barely sufficient. There is no reason to doubt that he paid $25 a week during all of 1950. He testified that he visited the children weekly and believed that Annie was not employed and had no other means of supporting the children. She made no complaints that the money furnished by the petitioner was insufficient for that purpose during 1950. The petitioner testified that the money paid by him constituted the principal support of the children during 1950. There is no contrary evidence and no reason to doubt the petitioner's testimony. Decision will be entered under Rule 50.